**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kwame D. Blevins,<br><br>             Plaintiff,<br><br>vs.<br><br>ME Global Inc.,<br><br>             Defendant. | No. CV 07-1749-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss and, in the alternative, Motion for a More Definite Statement (Doc. # 2). Plaintiff has not responded. Because of Plaintiff's failure to respond, Defendant also moves for summary disposition on both motions (Doc. # 6). The Court now rules on the motions.

**I. Background**

Plaintiff Kwame D. Blevins filed suit in Arizona Superior Court on June 28, 2007, alleging that he was fired in retaliation for filing a charge of discrimination with the EEOC. (Doc. # 1, Ex. A.) After removing the case to federal court, Defendant ME Global moved on September 12, 2007 to dismiss for failure to state a claim, or, in the alternative, for a more definite statement. (Doc. # 2.) Plaintiff's complaint (Doc. # 1, Ex. A) consists only of the statement "See Attachment." The attachments to the complaint contain a right to sue notice from the Attorney General's office, two charges of discrimination filed with the EEOC, a

1  statement of facts supporting a retaliation charge, and a copy of an Arizona wage statute.
2  After Plaintiff failed to file a timely response, Defendant moved for summary disposition on
3  both motions on November 12, 2007.

**II. Legal Standard and Analysis**

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within ten days after a motion is served. Plaintiff has not responded either to Defendant's September 12, 2007 motion to dismiss (Doc. # 2) or to Defendant's November 12, 2007 motion for summary disposition (Doc. # 6).

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The dismissal factors in this case are similar to those present in *Ghazali*. In that case, the Ninth Circuit upheld summary dismissal of a 42 U.S.C. § 1983 action for the failure to follow a Nevada district court local rule. *Ghazali*, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to "constitute a consent to the granting of the motion." *Id.* (quoting D. Nev. R. 140-6). The Court reasoned that the

1  dismissal was proper because the pro se plaintiff was bound by the rules of procedure, and
2  was given notice of the motion and ample time to respond. *Id.* at 54 (citing *King*, 814 F.2d
3  at 567).

4  Similarly, Plaintiff in this case has not responded despite receiving notice of both
5  Defendant's motion to dismiss and motion for summary disposition, the latter of which was
6  issued over four months ago. (Doc # 6.) Further, the motion specifically warned that "the
7  lack of a timely response 'may be deemed a consent to the . . . granting of the motion and the
8  Court may dispose of the motion summarily.'" (*Id.* at 1 (quoting LRCiv. 7.2(i)).) While the
9  public policy favoring resolution on the merits weighs against dismissal, it is no more
10 compelling here than it was in *Ghazali*. As noted in *Wanderer*, the first two
11 factors—expeditious resolution and docket management—generally favor dismissal.
12 *Wanderer*, 910 F.2d at 656. They weigh especially heavily here because of Plaintiff's total
13 failure to respond to two dispositive motions. The third and fifth factors that *Wanderer*
14 emphasized—prejudice and availability of other sanctions—are virtually identical to those
15 present in *Ghazali*, because that case involved a pro se litigant in exactly the same procedural
16 position as Plaintiff. Thus, under *Ghazali*, dismissal of Plaintiff's case under the local rule
17 is justified.

18 Accordingly,

19 **IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. # 2). The Clerk of
20 the Court shall enter judgment accordingly;

21 **IT IS FURTHER ORDERED** denying Defendant's Motion for Summary
22 Disposition (Doc. # 6) as moot.

23 DATED this 26th day of March, 2008.

James A. Teilborg
United States District Judge